IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
February 25, 2025 Session

**STATE OF TENNESSEE v. KENNETH STREET**

**Appeal from the Criminal Court for Hamilton County**
**Nos. 315634, 315635        Boyd M. Patterson, Judge**

FILED
APR -1 2025
Clerk of the Appellate Courts
Rec'd by

**No. E2024-00096-CCA-R3-CD**

Defendant, Kenneth Street, pled guilty to two counts of possession of a controlled substance in exchange for two consecutive sentences of eleven months and twenty-nine days, both of which would be suspended and deferred. As part of the guilty plea agreement, the State dismissed several charges. Defendant subsequently sought to withdraw his guilty pleas pursuant to Tennessee Rule of Criminal Procedure 32. The trial court denied the request. Defendant appealed. Upon our review, we conclude that Defendant has failed to prepare a sufficient brief in compliance with Tennessee Rule of Appellate Procedure 27(a)(7) and Tennessee Court of Criminal Appeals Rule 10(b). Accordingly, his issues are waived, and the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which MATTHEW J. WILSON, J. and W. MARK WARD, Sp. J., joined.

John G. McDougal (at hearing and on appeal), Chattanooga, Tennessee, for the appellant, Kenneth Street.

Jonathan Skrmetti, Attorney General and Reporter; Abigail Hornsby, Assistant Attorney General; Coty Wamp, District Attorney General; and Natalie Cropp, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Defendant, a Canadian national, was charged with DUI, two counts of possession of a controlled substance, and a violation of the open container law. Defendant was held

in custody prior to the entry of his guilty plea. Defendant pled guilty to two counts of possession of a controlled substance. The remainder of the charges were dismissed. In exchange for the guilty plea, Defendant received two concurrent sentences of eleven months and twenty-nine days, to be served on unsupervised probation with judicial diversion. Defendant subsequently sought to set aside his guilty plea.

The trial court denied the request. According to the order denying the motion to withdraw the guilty plea and the transcript of the hearing on the motion, counsel advised Defendant that a guilty plea "could impact his immigration status." Counsel encouraged Defendant to "consult an immigration attorney." The guilty plea form also provided notice to Defendant that "a guilty plea could result in possible immigration consequences." Defendant claimed in the motion and at the hearing that his guilty plea was unknowing and involuntary because he had not taken his medication on the day of the plea hearing. Defendant also complained that he did not know the guilty plea would affect his ability to travel between the United States and Canada but acknowledged that counsel advised him to consult an immigration attorney. The trial court denied the motion to withdraw the plea finding that clear and convincing evidence showed Defendant knew about possible immigration consequences before pleading guilty and that the totality of the circumstances failed to demonstrate Defendant suffered any "debilitating consequences" due to not taking his medicine on the day he pled guilty. Defendant appealed.

While not ordinarily germane to issues on appeal, the case history in this Court is relevant to our analysis. After the case was initiated with the filing of the notice of appeal, counsel for Defendant filed two motions for extension of time to file a brief. This Court granted both of those motions. The time expired on both of those motions before a brief was filed. Counsel for Defendant filed a motion to accept a late-filed brief and filed a brief one day later. Apparently frustrated with counsel, Defendant filed a pro se motion to remove counsel from the case. This Court granted the motion to accept the late-filed brief but denied the pro se motion to remove counsel. The State then filed a motion to strike the brief because it failed to comply with the Tennessee Rules of Appellate Procedure and because several portions of the brief "appear to be from a different case." Counsel for Defendant responded to the motion, asserting that he was entitled to an appeal and/or asking for permission to amend the brief. This Court initially denied the State's motion to strike, permitting Defendant to file an amended brief within a specified time limit. When that time limitation expired, Defendant had not filed an amended brief. The State filed a renewed motion to strike. This Court granted the motion, striking Defendant's first brief and giving Defendant an additional thirty days to file a corrected brief. Defendant filed a "corrected" brief within that time frame. The State filed its response brief. Defendant then filed a reply brief prior to oral argument.

*Analysis*

- 2 -

On appeal, Defendant argues that he "should have been allowed to withdraw his guilty plea" under Tennessee Rule of Criminal Procedure 32(f). Defendant states that his plea was "not knowing" because he was "not notified that his plea would affect [his] ability to enter the United States." The State, on the other hand, argues that Defendant has waived his argument on appeal for "failing to adequately brief it" and failing to comply with the Tennessee Rules of Appellate Procedure. Pointing specifically to the "corrected" brief's contents including "block quotes" and "a few conclusory sentences," the State insists that the brief "lacks any substantial explanation of how the law entitles him to relief," and fails to "provide record citations throughout his argument or include the relevant standard of review." We agree with the State.

Defendant has waived his arguments due to his failure to comply with the briefing requirements of Tennessee Rule of Appellate Procedure 27(a) and Tennessee Court of Criminal Appeals Rule 10. Defendant's "corrected" brief fails to set "forth the facts relevant to the issues presented for review *with appropriate references to the record*" and it does not contain "a concise statement of the applicable standard of review." *See* Tenn. R. App. P. 27(a)(6), (7) (emphasis added). Defendant includes several block quotations from cases but does little to connect those block quotations to any argument. "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." Tenn. Ct. Crim. App. R. 10(b); *see Hodge v. Craig*, 382 S.W.3d 325, 334 (Tenn. 2012). Moreover, the "corrected" brief is replete with incomplete sentences, sentences without any punctuation, inconsistent font size and type, and is nigh to unsensible. Additionally, the record fails to include a transcript from the guilty plea hearing. Accordingly, Defendant's issues are waived. Tenn. R. App. P. 24, 27; Tenn. Ct. Crim. App. R. 10(b).

*Conclusion*

For the foregoing reasons, the appeal is dismissed.

s/Timothy L. Easter
TIMOTHY L. EASTER, JUDGE

- 3 -